IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DON MURRELL,

       Plaintiff,

v.                                   Case No. 6:15-cv-1045-JTM

HEATING PLUMBING ENGINEERS, INC.,

       Defendant.

MEMORANDUM AND ORDER

Plaintiff filed this action in Finney County, Kansas, claiming that he was injured through defendant's negligence. Defendant removed the case to federal court based upon diversity of citizenship between the parties. Dkt. 1. The matter is now before the court on a motion by defendant for dismissal with prejudice as a sanction pursuant to Fed.R.Civ.P. 37. Dkt. 28.

According to the motion, defendant served plaintiff with interrogatories and a request for production of documents on August 19, 2015, but plaintiff failed to respond by the September 18, 2015, deadline, prompting defendant to file a motion to compel. On November 10, 2015, the Magistrate Judge granted the motion to compel (and assessed attorneys' fees) and ordered plaintiff to provide responses by November 24, 2015. Dkt. 25. Defendant's motion to dismiss alleges that as of December 12, 2015, it still

had not received responses to its request for production of documents,[1] and it asserted that "[d]ue to Plaintiff's failure to participate in discovery and comply with the Court's November 10, 2015 order, the Court should dismiss this lawsuit with prejudice or, in the alternative, enter a default judgment against Plaintiff." Dkt. 28 at 3. No other sanction was requested.

Plaintiff's response alleges that defendant has suffered no prejudice from the "admittedly late" delivery of discovery responses. Dkt. 30 at 2. Plaintiff further alleges that discovery deadlines were extended by agreement of the parties at a December 10, 2015, status conference, and that plaintiff "re-mailed" the requested documents to defendant on December 23, 2015.

Defendant's reply asserts that it still had not received the requested documents as of January 4, 2016. Dkt. 31.

Rule 37 provides in part that if a party fails to obey an order to provide discovery, the court "may issue further just orders," including a range of sanctions up to and including dismissal of the action. Fed. R. Civ. P. 37(b)(2)(A). Where dismissal is sought as a sanction under Rule 37, the Tenth Circuit has identified five factors that should be considered by the court: (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions. *Ehrenhaus v.*

---

[1] Although defendant's motion does not clearly say so, defendant apparently received plaintiff's answers to interrogatories prior to the filing of the motion.

*Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992).   "Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal an appropriate sanction." *Id*. (citing *Meade v. Grubbs*, 841 F.2d 1512, 1521, n.7 (10th Cir. 1988)).

Defendant's motion does not cite or address these factors, virtually all of which, to one degree or another, weigh against the severe sanction of dismissal or default judgment, at least at this point. No evidence of significant prejudice to defendant is cited and no reason given why imposition of lesser sanctions by the Magistrate Judge – of increasing severity if need be -- will not be effective to compel compliance with his discovery orders. *Cf*. Dkt. 25 at 2, n.1 (granting attorneys' fees but declining to find a waiver "at the present time").

**IT IS THEREFORE ORDERED** this 13th day of January, 2016, that defendant's motion for sanctions and to dismiss with prejudice (Dkt. 28) is DENIED.

_____s/ J. Thomas Marten_____
J. THOMAS MARTEN, JUDGE